Peter A. Romero, Esq.
Law Office of Peter A. Romero PLLC
103 Cooper Street
Babylon, New York 11702
(631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARMIDA SANGUINO, on behalf of herself and
all other persons similarly situated,

                Plaintiff,                          COMPLAINT

   -against-

ADIES AT HOME, INC. and ROSLYN WILKINS,

                Defendants.
-------------------------------------------------------------------X

      Plaintiff ARMADA SANGUINO ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorney, the Law Office of Peter A. Romero PLLC, complains and alleges as and for her Complaint against AIDES AT HOME, INC., and ROSLYN WILKINS (Collectively "Defendants") as follows:

## NATURE OF THE ACTION

    1.    Plaintiff and similarly situated employees worked for Defendants as home health aides for more than 40 hours per week after January 1, 2015 and were not paid time and a half for hours worked after 40 hours per week.

    2.    Plaintiff and similarly situated home health aides often worked for more than one client during a shift and were not paid for the time traveling between the clients and were not reimbursed for their travel costs.

3. Plaintiff alleges on behalf of herself and other similarly situated current and former employees of AIDES AT HOME, INC. who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA.

4. Plaintiff also brings this action on behalf of herself and a class of other similarly situated current and former employees of AIDES AT HOME, INC. pursuant to Fed. R. Civ. P. 23 to recover unpaid wages for travel time and overtime hours worked after January 1, 2015 for which they did not receive time and one half the minimum wage or time and one half of their actual wages, as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISTICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## THE PARTIES

7. Plaintiff ARMADA SANGUINO was, at relevant times, an adult individual, residing in Suffolk County in New York State.

8. Upon information and belief, Defendant AIDES AT HOME, INC. ("Corporate Defendant") is a New York Corporation, with its principal place of business at 29 West Marie Street, Hicksville, New York 11801.

9. Upon information and disbelief, Defendant ROSLYN WILKINS ("WILKINS") is an officer, director and/or managing agent of the Corporate Defendant who participated in the day-to-day operation of the Corporate Defendant and is an "employer" pursuant to the FLSA.

10. Upon information and belief WILKINS is the Executive Director and Chief Executive Officer of AIDES AT HOME, and has held these positions during the last six years.

11. Upon information and belief, during the relevant statutory time period, WILKINS (1) had the power to hire and fire the home health aide employees of the Corporate Defendant, (2) supervised and controlled the home health aide employees' schedules and conditions of employment, (3) determined the rate and method of payment of the home health aide employees, and (4) maintained employment records related to the home health aide employees and was involved in the day-to-day management of AIDES AT HOME, INC.

## COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as home health aides at any time since January 2015 to the entry of judgement in this case ("the "Collective Action Members").

13. Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week after January 1, 2015.

14. Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named

Plaintiff is representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in in bringing this action.

15. Plaintiff seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of herself and all persons who are currently, or have been employed by AIDES AT HOME, INC. as at any time between January 1, 2015 and present who consent to joining this action.

16. Other home health aides currently or formerly employed by AIDES AT HOME, INC. should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

17. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## CLASS ALLEGATIONS

18. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19. Plaintiff brings her New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since January 2011, to the entry of judgement in this case (the

"Class Period"), who were not paid all their straight time wages and/or overtime wages and/or were not provided the notices required by the Wage Theft Prevention Act (the "Class").

20. The persons in the Class identified above were so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of class during the class period.

21. The claims of Plaintiff are typical of the claims of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy- particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

22. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23. Plaintiff is committed to pursuing her action and has retained competent counsel experienced in employment law and class action litigation.

24. Plaintiff has the same interests in the matter as all other members of the class and Plaintiff's claims are typical of the class.

25. There are questions of law and fact common to the class which predominate over any question solely affecting the individual members of the Class, including but not limited to:

    a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

    b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the class;

    c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d. whether defendant failed and/or refused to pay the members of the Class for all hours worked by them as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of New York Labor Law;

    e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorney's fees; and

    f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

26. Plaintiff worked for AIDES AT HOME, INC. as a home health aide. Plaintiff regularly worked more than 40 hours per week after January 1, 2015 but was not paid at a rate of one and one-half times her regular hourly rate for hours worked after 40 hours per week.

27. For example, during the period October 9, 2017 through October 15, 2017, Plaintiff worked a total of 59.50 hours. Defendants paid Plaintiff for all hours worked during this period at her the rate of $13.22 per hour. Defendants failed to pay Plaintiff premium overtime compensation for the hours worked after 40 hours per week during this period.

28. Throughout her employment at AIDES AT HOME, INC., Plaintiff regularly worked for more than one client during a shift and was not paid for the time traveling between the clients and was not reimbursed for her travel costs. Defendant's policy was not to pay for travel time between clients.

29. Defendants failed to provide Plaintiff and similarly situated home health aides with written notice of their regular hourly rate of pay, overtime rate of pay, other information required by the New York Wage Theft Prevention Act.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

30. Plaintiff repeats and realleges each and every allegation of the proceeding paragraphs hereof with the same force and effect as though fully set forth herein.

31. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

34. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

35. Defendants had a policy and practice of refusing to pay home health aides premium overtime compensation equal to time and one-half times their regular rate of pay for hours worked over forty hours in a work week after January 1, 2015.

36. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members overtime wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA.

## SECOND CLAIM FOR RELIEF
## <u>NEW YORK LABOR LAW</u>

37. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

38. At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law.

39. Defendants willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

40. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, liquidated damages, statutory interest, and reasonable attorneys' fees, costs and disbursements of the action, pursuant to the New York Labor Law §663(1) et seq.

41. Defendants willfully violated Plaintiff's rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

42. As a result of the Defendants' violation of the New York Wage Theft Prevention Act, Plaintiff is entitled to damages.

## <u>THIRD CLAIM FOR RELIEF</u>

43. Plaintiff realleges and incorporates by reference all preceding paragraphs of this Complaint.

44. Upon information and belief, from March 31, 2011 onwards, AIDES AT HOME, INC. was required to certify and did certify that they paid Plaintiff and members of the Class wages as required by NY Health Care Worker Wage Parity Act.

45. Upon information and belief, AIDES AT HOME, INC. entered into contracts with government agencies to pay Plaintiffs and the Class Members wages as required by the NY Home Care Worker Wage Parity Act.

46. The agreements to pay Plaintiffs and Class Members as required by the NY Home Care Worker Wage Parity Act were made for the benefit of Plaintiffs and the Class Members.

47. Defendants breached their obligation to pay Plaintiff and the Class all wages they were due as required by the NY Health Care Worker Wage Purity Act.

48. Plaintiff and Class Members, as third-party beneficiaries of Defendant's contracts with government agencies, are entitled to relief for the breach of Defendants' contractual obligations, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collective Action Members and Members of the Class, respectfully requests that this court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c. A declaratory judgement that the practices complained of herein are unlawful under the FLSA and the New York labor Law;

d. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid wages, overtime wages and minimum wages due under the FLSA, the New York Labor Law;

f. Contractual damages as third-party beneficiaries of Defendant's contracts with government agencies;

g. An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay wages, minimum wages, and/or overtime wages pursuant to 29 U.S.C. §216 and the New York Labor Law and the New York;

h. An award of prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

j. Such other and further relief as this Court deems just and proper.

Dated: Babylon, New York
January 9, 2018

                        LAW OFFICE OF PETER A. ROMERO PLLC

By: _____
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against AIDES AT HOME, INC., to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____          12/15 · 2017
ARMIDA SANGUINO                    Date